UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

URMY KAZI,

                            Plaintiff,

                    - against -

FLYNN MEYER KISSENA, INC.;
EDWARD FLYNN; and [FIRST NAME
UNKNOWN] MEYER,

                          Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-1687 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

      In this action, plaintiff Urmy Kazi alleges, *inter alia*, that defendants failed to pay overtime and the federally required minimum wage in violation of the Fair Labor Standards Act ("FLSA"). The parties have indicated that they have settled this action. (Joint Mot. to Approve FLSA Settlement (Doc. No. 14).) Judicial approval is required. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

      The Court has reviewed the proposed settlement and accompanying motion and has noted several issues that require further briefing from the parties:

1.  The parties' filings contain no support for the proposed attorneys' fees which constitute 39.1% of the total settlement amount, *see Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635 (WHP), 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records.");

2.  The proposed settlement agreement contains a broad release beyond the claims in the current case, *see Panganiban v. Medex Diagnostic and Treatment Ctr., LLC*, No. 15-CV-2588 (AMD), 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016) ("Ordinarily, courts scrutinizing FLSA settlements reject broad releases that waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." (internal quotation marks omitted));

3.  The proposed settlement agreement contains a confidentiality provision, *see Cheeks*, 796 F.3d at 206 (noting with approval rejection of FLSA settlement agreement with confidentiality provision that was "in strong tension with the remedial purposes of the FLSA" (internal quotation marks omitted)); and

4. The proposed settlement agreement contains an employment waiver, *see Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM), 2016 WL 386042, at *2 (E.D.N.Y. Feb. 1, 2016) ("Such a waiver is in some tension with the broad remedial purposes of the FLSA.").

The Court has no position on any of these issues, and hereby ORDERS the parties to submit, within fourteen (14) days of the date of this Order, an additional letter brief addressing these issues and showing cause why the court should approve the settlement agreement and dismiss the case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      September 12,  2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge